UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO. 12-CR-42-FTM-29DNF

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

ADRIAN PEREZ,

    Defendant.
_____/

## MOTION FOR DOWNWARD DEPARTURE AND REQUEST FOR VARIANCE

COMES NOW the Defendant, ADRIAN PEREZ (hereinafter "PEREZ"), by and through undersigned counsel, David J. Joffe, pursuant to the Local Rules for the Middle District of Florida and the Federal Rules of Criminal Procedure, and would hereby file this his Motion for Downward Departure and Request for Variance, in which it is requested that this Court impose a sentence "sufficient, but not greater than necessary" in order to achieve individual accountability and just punishment. *See generally, United States v. Irey*, 612 F.3d 1160 (11th Cir. 2010).

As a threshold matter, although PEREZ pled not guilty and went to trial and was found guilty, PEREZ accepts responsibility for his offense conduct. For the reasons argued herein, PEREZ and counsel submit that a variance from the proposed guideline sentence should be ordered and that a sentence below the advisory guideline range is sufficient, but not greater than necessary to achieve the sentencing objectives of Title 18, United States Code, Section 3553(a). PEREZ's request for a variance and departure is as follows:

## VARIANCE SENTENCE

PEREZ's request for a variance comports with the sentencing procedures that have evolved since the Supreme Court's decisions in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738 (2005), and *Gall v. United States*, 552 U.S. 38, 128 S.Ct. 586 (2007). *See, United States v. Livesay*, 525 F.3d 1081, 1089-90 (11th Cir. 2008) (summarizing current sentencing procedures in Eleventh Circuit); *United States v. Pugh*, 513 F.3d 1179, 1188-91 (11th Cir. 2008).

The sentencing Court first evaluates the appropriate guidelines, resolves any guidelines objections and determines the applicable advisory guideline range. *Gall v. United States*, 552 US 38, 128 S.Ct. at 596-97; *Livesay*, 525 F.3d at 1089-90. After "consult[ing] and correctly determine[ing] the sentencing range prescribed by the Sentencing Guidelines … [t]he court must then impose a reasonable sentence in light of the factors enumerated in 18 U.S.C. 3553(a)." *United States v. McBride*, 511 F.3d 1293 (11th Cir. 2007). Among the factors which the sentencing Court "shall consider" under Section 3553(a)(1) are "the nature and circumstances of the offense and the history and characteristics of the defendant" and under (a)(2) "the need for the sentence imposed – (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed education or vocational training, medical care, or other correctional treatment in the most effective manner".

The sentencing Court "shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth" in Section 3553(a)(2)(A)-(D). *See, e.g., United States v. McBride*, 511 F.3d 1293, 1296-97 (11th Cir. 2007). The Court "***may not presume that the [advisory] guidelines range is reasonable***". *Gall*, 128 S.Ct. at 596-97 (emphasis added); *see*

*also, United States v. Campbell*, 491 F.3d 1306, 1313-1314 (11th Cir. 2007) ("We do not in this Circuit presume reasonable a sentence within the properly calculated guidelines range"). Thus, after making an "individualized assessment" of the Section 3553(a) factors based on the facts presented, the sentencing Court has the power to grant a variance from the advisory guidelines range to whatever extent the Court deems warranted by the facts of each defendant. *Gall*, 128 S.Ct. at 595-97; *Livesay*, 525 F.3d at 1090; *McBride*, 511 F.3d at 1297-98.

Here, the strict application of the advisory sentencing guidelines produces a sentence greater than necessary for punishment under Section 3553(a). This Court must consider PEREZ's individual history, *i.e.* his lack of prior criminal history, his minor role in the conspiracy and the fact that his girlfriend is pregnant with their first child. Such factors support a sentence beneath the advisory guidelines range for the offense conduct in this case. The statutory factors set forth in Section 3553(a) weigh strongly in favor of a sentence outside of and below the advisory sentencing guidelines. Where circumstances warrant, the District Courts can impose sentences that vary downward significantly from the advisory guidelines range and the appellate Court will affirm such sentences as reasonable. *Kimbrough v. United States*, 552 U.S. 85, 128 S.Ct. 558 (2007). As set out below, each of the applicable sentencing factors set forth in Section 3553(a) amply justify a variance from the advisory guideline sentence.

While the United States Sentencing Guidelines prohibit or discourage departures on a number of grounds, the same is not true of "variances". A sentencing Court may in fact consider factors under the broader Title 18, United States Code, Section 3553(a), even though the same factors might be prohibited or discouraged under the guidelines. Under the factors as set forth in Section 3553(a), undersigned counsel respectfully submits that a variance sentence is appropriate for PEREZ considering his lack of prior criminal history, his personal characteristics and his

family issues. Section 3553(a) directs the Court to impose a sentence sufficient, but not greater than necessary based upon the statutory objectives and relevant factors. A variance is further supported by Title 18, United States Code, Section 3582, which provides:

> (a) Factors To Be Considered in Imposing a Term of Imprisonment.– The court, in determining whether to impose a term of imprisonment, and, if a term of imprisonment is to be imposed, in determining the length of the term, shall consider the factors set forth is section 3553(a) to the extent that they are applicable, recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation….

The post-*Booker* reinstatement of judicial discretion requires the Court to consider the personal background of the offender as well as the offense itself.[1] This is particularly important in this case as PEREZ's personal dynamics are important in considering the proper sentence.

*(1)* *The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant. Title 18, United States Code, Section 3553(a)(1).*

Now that the guidelines are advisory only, they are simply "one sentencing factor among many". *United States v. Reinhart*, 442 F.3d 857, 864 (5th Cir. 2006). The Court should look past the four corners of the offense conduct portion of the Presentence Investigation Report to assure the proper sentence is given. Accordingly, the Court has full discretion to sentence below the advisory guideline range as long as the resulting sentence is reasonable. Therefore, based on PEREZ's arguments, the Court should grant his request.

Furthermore, counsel contends that although PEREZ pled not guilty and went to trial, he has always cooperated and has accepted responsibility and that a downward variance is warranted from the applicable sentence.

---

[1] "Prior to the Sentencing Guidelines, federal law left the individual sentencing judge free to determine which factors were relevant. That freedom meant that each judge, in an effort to tailor punishment to the individual offense and offender, was guided primarily by experience, relevance, and a sense of proportional fairness." *Apprendi v. New Jersey*, 530 U.S. 466, 558 (2000).

Also, in application, the Eleventh Circuit has affirmed numerous below guideline sentences since *Booker* even without cooperation. *See, e.g., United States v. Montgomery*, Case No. 05-13935 (11th Cir., February 7, 2006) (unpublished) (8 month sentence for bank fraud); *United States v. Gray*, 453 F.3d 1323 (11th Cir. 2006) (affirming 72 month sentence even though low end of guidelines was 151 months); *United States v. Halsema*, 2006 WL 1229005 (11th Cir., May 9, 2006) (unpublished) (affirming 24 month sentence even though guidelines were 57 to 71 months and even though grounds for variance would not have supported departure); *United States v. Williams*, 435 F.3d 1350 (11th Cir. 2006) (90 months imprisonment was sufficient, but not greater than necessary to punish, deter and rehabilitate defendant even though low end of guidelines was 188 months). Now that the guidelines are advisory only, they are simply "one sentencing factor among many". *United States v. Reinhart*, 442 F.3d 857, 864 (5th Cir. 2006). Accordingly, the Court has full discretion to sentence below the advisory guideline range without a motion for downward departure as long as the resulting sentence is reasonable.

In addition, PEREZ is entitled to a variance since this is his first offense and the offense was not a violent offense. (PSI: 82-89) Further, PEREZ was a minor participant in the scheme. As such, because PEREZ has no prior criminal record and should receive a minor role decrease, he is a candidate for a variance in his sentence.

Furthermore, the Court must consider the fact that PEREZ's girlfriend is pregnant with their child. This factor is extremely relevant and must be considered by the Court when determining PEREZ's sentence. With PEREZ being incarcerated, PEREZ's family will suffer both financially and emotionally. "Among the permissible justifications for a downward departure is the need, given appropriate circumstances, to reduce the destructive effect that incarceration of a defendant may have on innocent third parties." *United States v. Nolecasty*, 65

F.3d 4 (2nd Cir. 1995).

Finally, several of his co-defendants who were already sentenced received downward variances from their guideline sentences which also supports PEREZ receiving a similar variance in his sentence.$^{2}$

For all the foregoing reasons, PEREZ's request for a variance should be granted.

***(2)   The Need for the Sentence Imposed to Reflect the Seriousness of the Offense, to Promote Respect for the Law and to Provide Just Punishment for the Offense, to Afford Adequate Deterrence to Criminal Conduct, to Protect the Public from Further Crimes of the Defendant and to Provide the Defendant with Needed Training or Services.  Title 18, United States Code, Section 3553(a)(2)(A)-(D).***

PEREZ is cognizant of the fact that the Court must fashion a sentence that reflects the seriousness of the offense, promotes respect for the law and provides just punishment.  *United States v. Shortt*, 485 F.3d 243 (4th Cir. 2007).  However, imprisonment is not warranted in this case.  As such, this Court should consider probation since, if all of PEREZ's objections are granted, his total base offense level would be 7 and, with a criminal history category of I, his guideline sentence would be zero to six months.  Therefore, a sentence of probation would reflect the seriousness of this offense and would promote respect for the law and provide just punishment, especially considering that PEREZ has no prior criminal history and although he went to trial, he took responsibility for his actions and has been cooperative.  Also, the fact that PEREZ is eligible for probation under United States Sentence Guidelines, Sections 5C1.1(e) and 5B1.1(a)(2), supports a sentence of probation as requested.  (PSI: 122)  Also, the fact that other co-defendants have received variances in their guideline sentences supports this request.

---

$^{2}$ Victor Caballero Duarte received 36 months of probation.

Considering PEREZ's lack of criminal history and the fact that although he went to trial, he was cooperative and has accepted responsibility, a variance is required for PEREZ.

There are two types of deterrence, specific and general. Unquestionably, any type of sentence, whether imprisonment or probation, will deter PEREZ from repeating his crime; but as to general deterrence, no matter what sentence is given to PEREZ, the sentence will not deter others. Accordingly, a sentence at the low end of the guidelines with a variance which supports probation in lieu of any incarceration is sufficient to provide just punishment for PEREZ, to protect the public from further crimes of the defendant and to promote respect for the law. Although the war on crime is necessary and a requirement of the judicial system, PEREZ should not be made an "example" by the Court and, as such, the sentence must be appropriate considering the factors enumerated in Section 3553(a)-(f). PEREZ concedes that he must be punished; however, his punishment must be in light of the "seriousness of the offense" so as "to promote respect for the law". *United States v. Shortt*, 485 F.3d 243, 247-249 (4th Cir. 2007).

The sentence must afford adequate deterrence to criminal conduct. Because this is PEREZ's first offense, any prison time he faces is significant in deterring him from future criminal conduct. Consideration of this fact is consistent with the policy behind Section 3553 – that the sentence reflects the need for "just punishment" and "adequate deterrence". Title 18, United States Code, Sections 3553(a)(2)(A) and (a)(2)(B). It is quite clear that offenders with zero criminal history points have a lower recidivism rate than offenders with one or more criminal history points. PEREZ has zero criminal history points and the fact that his girlfriend is pregnant and unable to work and care for the child without his assistance clearly supports a conclusion that PEREZ will not repeat his actions. PEREZ is a first time offender. The fact that he will be on probation and be monitored is as much of a deterrent as a possible prison term.

*(3)   The Kinds of Sentences Available.  Title 18, United States Code, Section 3553(a)(3).*

Section 3553(a) expressly dictates that the Court shall impose a sentence sufficient, *but not greater than necessary*.  *United States v. Irey*, 612 F.3d 1160 (11th Cir. 2010).  Here, the Court is in a position to fashion a sentence that would punish PEREZ, protect the public and deter others by restricting his freedom.  Under *Gall, supra*, the sentencing guidelines and policy statements are but one factor among all of the other Section 3553(a) factors.  Moreover, in order to impose a sentence that is procedurally reasonable, this Court must treat the guidelines as advisory and not mandatory and consider the guidelines among all of the statutory factors set forth in Section 3553(a).  As noted herein, in fashioning a sentence that is substantially reasonable, this Court has considerable discretion as to the weight it decides to give each of the Section 3553(a) factors and the guideline sentence itself.  Also, the fact that Victor Caballero Duarte received probation supports PEREZ's request.  Accordingly, sentencing PEREZ to probation is a kind of sentence available to this Court.

*(4)   The Kinds of Sentence and Sentencing Range Established by the Sentencing Guidelines and Pertinent Policy Statements.  Title 18, United States Code, Section 3553(a)(4).*

A sentence of probation is supported by PEREZ's arguments, his personal history and the fact that Victor Caballero Duarte received probation.  PEREZ's request for a downward variance, which also supports probation, would make his sentence more in keeping with the policy statements of Title 18, United States Code, Section 3553(a).  Said request is again supported by the fact of his minimal involvement in the conspiracy; the fact that this is PEREZ's first criminal offense; and that his girlfriend is pregnant with their child.

*(5) The Need to Avoid Unwarranted Sentence Disparities Among Defendants with Similar Records Who Have Been Found Guilty of Similar Conduct. Title 18, United States Code, Section 3553(a)(5).*

Although the primary purpose of the Sentencing Reform Act was to "reduce unwarranted sentencing disparities", the guideline regime has led to variants of disparity never contemplated by its drafters. Sentencing is driven in part by the applicable guidelines, the statutory sentencing factors and individual judicial discretion. PEREZ is a defendant whose offense behavior requires the Court to consider a multitude of mitigating factors including his status, personal background, involvement in the conspiracy and other mitigating circumstances argued herein that in fact support a downward variance. Furthermore, the fact that Victor Caballero Duarte was given probation further supports PEREZ's request. Accordingly, PEREZ's request for a variance must be granted in order to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

*(6) The Need to Provide Restitution to Any Victims of the Offense. Title 18, United States Code, Section 3553(a)(6).*

This is a very relevant issue. PEREZ has to pay restitution to State Farm for the loss it incurred as a result of the conspiracy. If PEREZ is incarcerated, his ability to pay said restitution is minimized and will cause further harm to State Farm.

DOWNWARD DEPARTURE

United States Sentencing Guidelines, Section 5H1.6, Application Note (1)(B)(i), provides for this Court to grant a departure "based on the loss of caretaking or financial support of the defendant's family … the presence of the following circumstances: (i) The defendant's service of a sentence within the applicable guideline range will cause a substantial, direct, and specific loss

of essential caretaking or essential financial support to the defendant's family". Accordingly the Courts have granted downward departures in order to reduce the destructive effects that a defendant's incarceration will have on his family. *United States v. Nolecasty*, 65 F.3d 4 (2nd Cir. 1995); *United States v. Deigert*, 916 F.2d 916 (4th Cir. 1990).

The facts presented in this matter require this Court to grant PEREZ's request for a downward departure due to his family commitments and ties. In *Gall v. United States*, 552 U.S. 38, 128 S.Ct. 586 (2007), the Court upheld a downward variance based upon family circumstances. In *United States v. Schroeder*, 536 F.3d 746 (7th Cir. 2008), the District Court's denial of a variance because of the defendant's family's circumstances was reversed. *See generally, United States v. Menyweather*, 447 F.3d 625 (9th Cir. 2006); *see also, United States v. Allen*, 87 F.3d 1224 (11th Cir. 1996).

In *United States v. Husein*, 478 F.3d 318 (6th Cir. 2007), the Court upheld a downward departure on the basis of "family" circumstances due to the support and care that the defendant gave to his family and the suffering they would endure as a result of his incarceration. The same holds true for PEREZ's family.

In determining whether an aggravating or mitigating circumstance was adequately considered by the Sentencing Commission in formulating the guidelines, the sentencing Court can only consider the applicable guidelines, policy statements and commentary. The United States Sentencing Commission intends the District Courts to view each guideline as carving out a "heartland", *i.e.* a set of difficult cases embodying the conduct that each guideline describes. *See*, United States Sentencing Guidelines, Chapter I, Part A, Introductory Comment 4(B). In other words, a "heartland" represents a general run of cases for which the Commission did not envision departure in writing by guideline. Generally speaking, downward departures are

warranted where the circumstances are of a "kind" not adequately taken into account in the guidelines and where the circumstances are present to a "degree" not adequately taken into consideration in the guidelines. *Koon v. United States*, 518 U.S. 81, 91 (1996); *United States v. Pitts*, 176 F.3d 239 (4th Cir. 1999).

When the Court finds an "atypical" case, *i.e.* one to which particular guidelines linguistically apply, but in which the conduct significantly differs from the norm, the Court may consider whether departure is warranted. United States Sentencing Guidelines, Chapter I, Part A, Introductory Comment 4(B). The Supreme Court in *Koon* provided that any case that has atypical or unusual features, *i.e.* which falls outside of the applicable guidelines heartland, is a candidate for departure. *See, Koon, supra* (factors that may make case atypical provides a potential basis for departure). The question to ask in each case is: Does this case fall within the heartland of the applicable guideline or is there something about the defendant or offense conduct that makes it an "unusual" case? *See, United States v. Rivera*, 994 F.2d 942, 948 (1st Cir. 1993). "District courts are particularly suited in determining whether a factor makes a case unusual, because they are informed by their vantage point and day-to-day experience in criminal sentencing." *United States v. Aguirre*, 214 F.3d 1122, 1127 (9th Cir. 2000) [*quoting, Koon v. United States*, 518 U.S. 81, 98 (1996)]. Because of PEREZ's lack of a need to prevent recidivism, his lack of criminal history and the responsibility he has to his family, it is quite clear that PEREZ's case is unusual and warrants a departure. Departures may be appropriate because a combination of characteristics or circumstances makes this case differ significantly from the heartland of cases covered by the applicable guidelines. United States Sentencing Guidelines, Section 5K2.0.

United States Sentencing Guidelines assist District Courts in considering aggravating or

mitigating circumstance departures through a series of policy statements. One set of policy statements relate to a specific offense or characteristics such as the defendant's age, education, employment record, family ties and responsibilities, and mental and physical conditions. *See*, United States Sentencing Guidelines, Sections 5H1.1 through 5H1.16. These policy statements discourage, but do not absolutely forbid, departure, *i.e.* the Sentencing Commission considers these offender characteristics as not "ordinarily relevant" in determining departure, but the Court may rely on them in exceptional cases. United States Sentencing Guidelines, Section 5K2.0(a)(4); *see, Koon v. United States*, 518 U.S. at 95.

In *Koon*, the Court stated that if the special factor is a discouraged factor, the Court should depart only if the factor is present to an exceptional degree or in some other way makes the case different from ordinary cases in which the same factor is present. With the United States Sentencing Guidelines now advisory, the Court can now sentence below the otherwise applicable guideline range by using prohibitive and discouraged factors within the Section 3553(a) framework. Based on the foregoing, a downward departure under the guidelines would be reasonable and would serve the interests of justice.

## CONCLUSION

PEREZ does not minimize the seriousness of the offense he committed. However the "totality of circumstances" requires the proper exercise of *Booker* discretion in favor of granting PEREZ's request for a variance. PEREZ is an exceptional candidate for the imposition of a sentence with a variance and probation.

The Presentence Investigation Report's advisory guideline range of 8 to 14 months is both inequitable and unreasonable given the facts in the case *sub judice*. This Court must take into consideration PEREZ's Objections to Presentence Investigation Report and the arguments

raised therein, together with the arguments made herein, and the sentences that the other co-defendants have received in determining his sentence.

Mercy and compassion are a part of justice. "A country which is secure in its institutions, confident in its laws should not be ashamed of the concept of mercy." Justice Kennedy, ABA Speech 2003. Punishment should not be more severe than that necessary to satisfy the goals of punishment. *United States v. Carvajal*, 2005 WL 476125 (S.D. N.Y. 2005). A judge must sentence "without ever being indifferent to defendant's plea for compassion, for compassion also is a component of justice". *United States v. Kloda*, 133 F.Supp.2d 345 (S.D. N.Y. 2001).

Accordingly, this Honorable Court is respectfully urged to consider the facts and circumstances of this case against the backdrop of Title 18, United States Code, Section 3553(a), and fashion a sentence that is not "greater than necessary".

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 12, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

Respectfully submitted,

JOFFE LAW, P.A.
Attorney for Defendant
One East Broward Boulevard
Suite 700
Fort Lauderdale, Florida 33301
Telephone:   (954) 723-0007
Facsimile:   (954) 723-0033


By */s/ David J. Joffe*_____
     DAVID J. JOFFE, ESQUIRE
     FLORIDA BAR NO. 0814164

13