UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.  Case No. 2:12-cr-42-FtM-29DNF

ADRIAN PEREZ

### UNITED STATES' MOTION FOR A FORFEITURE MONEY JUDGMENT

The United States of America, by and through the undersigned Assistant United States Attorney, respectfully moves this Court, under 18 U.S.C. § 982(a)(7) and Rule 32.2(b)(2), Federal Rules of Criminal Procedure, to enter a Forfeiture Money Judgment in the amount of $14,866.37 against defendant Adrian Perez, representing the gross proceeds the defendant obtained as a result of the conspiracy to commit mail fraud and health care fraud, contrary to the provisions of 18 U.S.C. §§ 1341 and 1347, all in violation of 18 U.S.C. § 1349, as charged in Count One of the Indictment.  Pursuant to Rule 32.2(b)(4), the order of forfeiture will be final as to the defendant at sentencing.  In support, the United States submits the following memorandum of law.

### MEMORANDUM OF LAW

I. **Statement of Facts**

1. On or about March 14, 2012, a federal grand jury returned an Indictment charging Adrian Perez ("Perez") and others, in relevant part, with conspiracy to commit mail fraud and health care fraud, contrary to 18 U.S.C. §§ 1341 and 1347, all in violation of 18 U.S.C. § 1349.  Doc. 3, Count One.  The

forfeiture allegations notified Perez that, under 18 U.S.C. § 982(a)(7), the United States intended to forfeit any property that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of such offense, including, but not limited to, a forfeiture money judgment in the amount of the gross proceeds of the offense. *Id.* at 15.

    2.    On December 5, 2012, a Jury trial commenced as to defendants Perez and Francisco Huici Fernandez, and on December 11th, the Jury trial concluded and the Jury rendered its verdict. Docs. 151,159.

    3.    The Jury unanimously found defendant Perez guilty of the conspiracy to commit mail fraud and health care fraud, contrary to 18 U.S.C. §§ 1341 and 1347, in violation of 18 U.S.C. § 1349, as charged in Count One of the Indictment. Doc. 162.

    4.    The Court scheduled the defendant's sentencing for March 11, 2013. Doc. 165.

## I.    Applicable Statutes

In sentencing a person convicted of conspiracy to commit mail fraud and health care fraud in violation of 18 U.S.C. § 1349, the criminal forfeiture of property is governed by 18 U.S.C. § 982(a)(7), which provides that the court shall order the person to forfeit any property, real or personal, that constitutes or is derived, directly or indirectly, from the gross proceeds traceable to the commission of the offense. *See* 18 U.S.C. § 982(a)(7).

Rule 32.2(b)(1), Federal Rules of Criminal Procedure, requires that where, as here, the United States seeks a personal money judgment, the Court must determine the amount of money that the defendant will be ordered to pay. The United States seeks forfeiture money judgments in those instances where a defendant no longer has the actual dollars or traceable property in his possession, or the government cannot locate the assets. In these cases, the obligation to forfeit simply takes the form of a forfeiture money judgment in favor of the United States. *See United States v. Padron*, 527 F.3d 1156, 1161-62 (11th Cir. 2008) (district court may issue a forfeiture order in the form of a money judgment in mail fraud case); *United States v. Puche*, 350 F.3d 1137, 1153 (11th Cir. 2003) (money judgment equal to value of commission and untainted money used to facilitate money laundering); *United States v. Conner*, 752 F.2d 566, 576 (11th Cir. 1985) (ordering money judgment for amount of proceeds obtained from RICO violations).

Because the United States could not locate money or specific property traceable to the offense charged in Count One of the Indictment, i.e., the actual funds obtained or items purchased with said funds, the United States seeks a Forfeiture Money Judgment against Perez in the amount of $14,866.37, representing the gross proceeds traceable to the commission of the health care fraud conspiracy, for which he is jointly and severally liable, and requests that the Court enter such pursuant to Rule 32.2(b)(2). Perez will be held jointly and

severally liable for the $14,866.37 money judgment with convicted co-conspirator, Francisco Huici Fernandez.

### III. Factual Basis

The defendant was found guilty by a Jury of the conspiracy to commit mail fraud and health care fraud, contrary to 18 U.S.C. §§ 1341 and 1347, in violation of 18 U.S.C. § 1349, as charged in Count One of the Indictment. The proposed forfeiture money judgment in the amount of $14,866.37 represents the total amount of money paid by State Farm Automobile Insurance Company for fraudulent claims submitted by C & A Family Rehab Center, Inc., for unnecessary or unrendered medical treatment to undercover agents during the period of the fraud. *See* Presentence Investigation Report for Adrian Perez, ¶ 58, page 15. The facts provided above support the entry of a forfeiture money judgment against the defendant in the amount of $14,866.37, pursuant to 18 U.S.C. § 982(a)(7) and Rule 32.2(b)(2), Federal Rules of Criminal Procedure.

### IV. Conclusion

The United States respectfully moves this Court, under 18 U.S.C. § 982(a)(7) and Rule 32.2(b)(2), to enter a forfeiture money judgment in the amount of $14,866.37 against defendant Adrian Perez, for which he is jointly and severally liable with convicted co-conspirator Francisco Huici Fernandez.

As required by Rule 32.2(b)(4)(B), the United States further requests that the Court include the forfeiture when orally announcing the sentence, and include

the forfeiture order in the judgment.  *See United States v. Kennedy*, 201 F.3d 1324, 1326 (11th Cir. 2000) and Fed. R. Crim. P. 32.2(b)(4)(A) and (B).

Finally, the United States requests that the Court retain jurisdiction to enter any further order necessary for the forfeiture and disposition of any of Perez's property that the United States is entitled to seek as a substitute asset under 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1), to satisfy the money judgment, and to address any third party claim that may be asserted in these proceedings.

        Respectfully submitted,

        ROBERT E. O'NEILL
        United States Attorney

By:   *s/David G. Lazarus*
      David G. Lazarus
      Assistant United States Attorney
      USA NO. 135
      2110 First Street, Suite 3-137
      Fort Myers, Florida  33901
      Telephone: (239) 461-2200
      Facsimile: (239) 461-2219
      E-Mail: david.lazarus2@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on February 22, 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

David J. Joffee, Esquire
davidjjoffee@aol.com

Harold M. Stevens, Esquire
halstevens@comcast.net

Roy W. Foxall, Esquire
roy.foxall@comcast.net

Neil B. Potter, Esquire
neilbpotter@comcast.net

Rene Suarez, Esquire
rene@bsrlegal.com

*s/David G. Lazarus*
David G. Lazarus
Assistant United States Attorney